THE PEOPLE *ex rel.* Edward Johnson, County Collector, Appellee, *vs.* THE CHICAGO GREAT WESTERN RAILROAD COMPANY, Appellant.

*Opinion filed December 17, 1912.*

1. TAXES—*when provisions of amended section 14 of the Roads and Bridges act are complied with.* If the highway commissioners certify the need of an additional road and bridge tax and the reason therefor, and the board of town auditors and the assessor consent thereto in writing, the provisions of section 14 of the Roads and Bridges act, as amended in 1911, are complied with.

2. SAME—*proviso to section 1 of Hospital act, concerning hospital tax, is not invalid.* The proviso, added in 1911, to section 1 of the Hospital act, (Laws of 1911, p. 147,) which authorizes the three-mill hospital tax, in cities having over fifteen hundred inhabitants, to be in addition to the limit of taxes for all corporate purposes imposed by section 1 of article 8 of the Cities and Villages act, is based upon a reasonable classification and is not invalid. (*People v. DeKalb and Great Western Railroad Co.* [*ante,* p. 290,] followed.)

APPEAL from the County Court of DeKalb county; the Hon. WILLIAM L. POND, Judge, presiding.

FAISSLER & FULTON, for appellant.

EDWARD M. BURST, State's Attorney, (H. T. SMITH, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellant's objections in the county court of DeKalb county to certain road and bridge taxes in two townships and to a hospital tax in the city of Sycamore having been overruled and judgment entered, this appeal was prosecuted.

In each of the two townships the highway commissioners levied a tax of thirty-six cents on the $100. In the township of Cortland they then certified to the board of town auditors and assessor an additional levy of twenty

cents on each $100 for the reason that the coming year the commissioners intended "to place upon the public roads of said town a large quantity of washed gravel or crushed rock." In the township of South Grove the highway commissioners certified to the town auditors and assessor that an additional levy of twenty-five cents on the $100 was needed by reason of a "new bridge to replace condemned bridge on Purcell pike." In each case the board of town auditors and assessor consented in writing and the additional levy was made. It is most strenuously insisted by appellant that the public authorities of the towns, in levying the additional taxes, did not comply with the provisions of section 14 as amended in 1911; that the said section must be interpreted in the light of the construction heretofore put by this court upon section 13; that if the legislature had intended to permit the commissioners of highways, even with the consent of the town auditors and assessor, to levy more than thirty-six cents on the $100 for ordinary road and bridge purposes it would have amended section 13 instead of section 14 of the Road and Bridge act; that under other sections of that act every improvement as to highways is provided for except extraordinary contingencies, such as section 14, previous to the amendment, covered. The argument of appellant is, in effect, that the Road and Bridge act as now amended should be construed substantially the same as before this amendment. With this we cannot agree. Manifestly, the legislature intended to change the law so that an additional levy could be made in cases other than when a "contingency" was involved. The requirement of section 14 now is that the commissioners shall certify the need of a greater levy and "the reason therefor." If this is assented to, in writing, by the majority of the entire board of the town auditors and assessor the provisions of section 14 have been complied with. The objections of appellant as to the road and bridge taxes were properly overruled.

Appellant further objected to a hospital tax in the city of Sycamore. This is the same tax that was objected to in *People* v. *DeKalb and Great Western Railroad Co.* (*ante,* p. 290.) For the reasons stated in that opinion this objection was properly overruled.

The judgment of the county court of DeKalb county is affirmed.

*Judgment affirmed.*